P. CHARLES DeNERI, as Secretary-Treasurer of the Barbers and Beauty Culturists Union of America, Local No. 7, Plaintiff, *v.* GENE LOUIS, INC., Defendant.

Supreme Court, Special Term, Kings County, July 3, 1940.

*Louis P. Goldberg*, for the plaintiff.

*Ralph Weller*, for the defendant.

HOOLEY, J. This action comes before the court upon an agreed statement of facts. It is brought to obtain an injunction to prevent the defendant from violating the terms of an agreement. This contract fixed minimum prices to be charged by the defendant in its beauty shop. The plaintiff is a labor union and has contractual relations with 300 beauty shops similar to the agreement under consideration. The agreement provided in substance that in order to assure the maintenance of the wage scale therein fixed that a certain minimum price scale therein set forth should be charged for permanent waves and other items of service, and that no free service, souvenirs or discounts should be given. The defendant has violated these provisions of the agreement and refuses to maintain the minimum scale of prices set forth in the agreement. The plaintiff's interest in the enforcement of the contract arises from its claim that any employer who charged prices below those set forth in the agreement could not pay the union scale of wages, and that such employers usually surreptitiously paid a lower scale of wages.

Coming before the court in the manner specified, there are no factual questions here. There are two questions of law, viz.: (1) Are the provisions contained in the contract in respect to price fixing valid, and (2) does this case involve a labor dispute, and if so, should not the complaint be dismissed by reason of the fact that plaintiff has failed to conform with section 876-a of the Civil Practice Act?

The agreement in question would have been clearly void under section 340 of the General Business Law as originally enacted. The 1933 amendment to that section (Laws of 1933, chap. 804), which provided that the provisions of article 22 should not apply to *bona fide* labor unions, raises a question as to the meaning and intent of such amendment.

In *Falciglia* v. *Gallagher* (164 Misc. 838) the court held that the Legislature had no intention to give immunity and sanctity to union activities designed not to further the *ends of labor* but to advance the monopolistic aims of employer groups in their effort to stifle competition and, furthermore, that the Legislature would be without power to enact such legislation. There is no proof here that the wages of the employees have been surreptitiously cut. That is mere suspicion. As far as the record is concerned the employees receive whatever union wages they are entitled to and the plaintiff union does not attack any labor condition. The employees could not make a price-fixing agreement (Gen. Business Law, § 340) and neither can the labor union under the guise of protecting the employees. The protection for labor unions given

by the 1933 amendment aforesaid was intended to permit the labor unions to fix labor wages, hours of employment, etc., by agreement without violating the statute.

The court holds that this is not a labor dispute such as is defined in article 51 of the Civil Practice Act, and especially is not within the provisions of subdivision c of subdivision 10 of section 876-a of that act.

For the reason, however, that the agreement upon which this action is predicated is invalid under section 340 of the General Business Law the complaint is dismissed, with costs.